IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  13-cr-00070-RBJ-02

UNITED STATES OF AMERICA,

Plaintiff,

v.

**2.   JULIA CASTILLO CARAVEO,**

Defendant.

_____

**ORDER OF COMMITMENT OF THIS DEFENDANT TO THE CUSTODY
OF THE ATTORNEY GENERAL PURSUANT TO THE PROVISIONS
OF AND PROCEDURES SET FORTH UNDER 18 U.S.C. § 4241(d)**

_____

**THIS MATTER** came on for a hearing on December 2, 2013, on defendant Caraveo's counsel's Request for Appointment of Independent Psychiatrist to Perform Competency Evaluation (Document Number: 137), pursuant to 18 U.S.C. § 4241, which was granted by the Court (Document Number: 142).  Pursuant to that Order, Dr. Karen V. Fukutaki, MD, a board certified psychiatrist, conducted a competency evaluation and submitted a written report to the Court (Document Number: 145).  Dr. Fukutaki's report and findings are specifically incorporated herein by reference.  The Government did not dispute Dr. Fukutaki's findings that this defendant is presently not competent to proceed to trial.

**Analysis**

Competency to stand trial is a factual determination. *See United States v. Crews*, 781F.2d 826, 833 (10th Cir. 1986) (*per curiam*). In order for a defendant to be

1

competent to stand trial, he or she must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding," and also a "rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam). Under 18 U.S.C. § 4241, if the Court finds by a preponderance of the evidence that a defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," the Court shall commit the defendant to the custody of the Attorney General for such reasonable amount of time so as to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to proceed. When determining competency, "the district court may rely on a number of factors, including medical opinion and the court's observation of the defendant's comportment." *U.S. v. Boigegrain*, 155 F.3d 1181, 1189 (10th Cir. 1998) (quoting *U.S. v. Nichols*, 56 F.3d 403, 411 (2d Cir. 1995)).

This Court, after reviewing the referenced documents and being otherwise fully advised in the premises, hereby finds and orders as follows**:**

That, by a preponderance of the evidence, this Court finds that this defendant is not presently competent to stand trial or to assist in her own defense.

Therefore it is **ORDERED** that she be committed to the custody of the Attorney General, pursuant to the provisions of and procedures set forth under 18 U.S.C. § 4241(d), for a determination as to whether there is a substantial probability that, in the foreseeable future, this defendant will attain the capacity to permit these proceedings to go forward.

It is further **ORDERED** that this defendant be transported forthwith by the U.S. Marshals Service to a facility designated by the U.S. Bureau of Prisons for the evaluation set forth under 18 U.S.C. § 4241(d).

**DONE AND ORDERED** this 4th day of December, 2013.

_____
R. BROOKE JACKSON
U.S. District Court Judge